# EXHIBIT "A"

Exhibit A, Page 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 22 2018

Sherri R. Carter, Executive Officer/clerk

By Shaunya Bolden, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1 to 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAMES DOUGLAS,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*

**BC 694 998**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sang J Park, Mathew & George, 500 S. Grand Ave., Ste. 1490, Los Angeles, CA 90071, (310) 478-4349

DATE: FEB 22 2018               SHERRI R. CARTER, Clerk, by   SHAUNYA BOLDEN , Deputy
*(Fecha)*                        *(Secretario)*                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* HOME DEPOT U.S.A., INC., A DELAWARE CORPORATION

   under: ☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 2/26/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Exhibit A, Page 2

1   ABRAHAM MATHEW, SBN 181110
    abraham@mathewandgeorge.com
2   JACOB GEORGE, SBN 213612
    jacob@mathewandgeorge.com
3   SANG J PARK, SBN 232956
    sang@mathewandgeorge.com
4   MATHEW & GEORGE
    500 South Grand Avenue, Suite 1490
5   Los Angeles, California 90071
    Telephone:    (310) 478-4349
6   Fax:          (310) 478-9580

7

8   Attorneys for Plaintiff

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF LOS ANGELES

11

12  JAMES DOUGLAS,                      Case No.:    BC 6 9 4 9 9 8

13          Plaintiff,

14      vs.                             **COMPLAINT**

15  HOME DEPOT U.S.A., INC., a Delaware    (1)   Age Discrimination;
    corporation; and DOES 1 to 10,         (2)   Race Discrimination;
16                                         (3)   Failure to Prevent Discrimination;
17          Defendants.                    (4)   Hostile Work Environment Harassment;
                                           (5)   Wrongful Termination in Violation of
18                                                Public Policy;
                                           (6)   Wrongful Termination in Violation of
19                                                FEHA;
20                                         (7)   Retaliation for Exercise of California
                                                 Family Rights Act;
21                                         (8)   Retaliation & Wrongful Termination in
                                                 Violation of Lab. Code § 1102.5;
22                                         (9)   Violation of Labor Code §§ 201 and 202
23                                               (Wages Not Timely Paid Upon
                                                 Termination)
24                                         **DEMAND FOR JURY TRIAL**

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 22 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

## JURISDICTION

1.     The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The Statutes under which this action is brought do not specify any other basis for jurisdiction.

2.     The California Superior Court has jurisdiction over Defendants because each is a corporation and/or entity and/or person that has sufficient minimum contacts in California, each is a citizen of California, or each otherwise purposely availed itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## PARTIES AND VENUE

3.     Plaintiff is, and at all relevant times was, a citizen and resident of the State of California, County of Los Angeles.

4.     Defendant Home Depot U.S.A., Inc. is, and at all relevant times was, a Delaware company conducting business in California. Plaintiff worked at Defendant's location at 8801 S. La Cienega Blvd., Los Angeles, California ("Inglewood West" store) and his causes of action set forth in this Complaint occurred there.

5.     Plaintiff is informed and believes, and thereon alleges, that at the time of the wrongful conduct alleged herein, and continuing, that Defendant met the definition of "employer" set forth at Government Code § 12926(d) (requiring five or more employees) for liability under the California Fair Employment and Housing Act ("FEHA").

6.     The true names and capacities, whether corporate, associate, individual, or otherwise of Defendants DOES 1 to 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to Cal. Civ. P. § 474.

7.     Each Defendant designated as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred, and caused injuries and damages proximately to Plaintiff. Plaintiff will ask leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

Exhibit A, Page 4

## JOINT LIABILITY

8.    Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, general employer, special employer, dual employer, partner, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or employment with the knowledge and/or consent of co-Defendants, and each of them.

9.    Plaintiff is informed and believes, and thereon alleges, that each Defendant has authorized and/or ratified the wrongful activities of each of the remaining Defendants.

## LIABILITY FOR PUNITIVE DAMAGES

10.    Defendants' conduct, as described herein, was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by its officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by its officers, directors, and/or managing agents as those terms are used in Cal. Civ. Code §§ 3294 and 3295 for purposes of establishing corporate liability for punitive damages.

11.    Further Defendants had advance knowledge of the malicious, fraudulent, and/or oppressive activities of the individual perpetrators whose actions and conduct were authorized, approved, and/or ratified by Defendants' directors, officers, and/or managing agents.

## FACTS

12.    Home Depot employed Plaintiff as a Sales Specialist from April 2000 to January 6, 2017 at their Marina Del Rey, Inglewood East and Inglewood West stores.

13.    Plaintiff is a 57 year old African American male.

14.    Plaintiff last earned $21.30 an hour, excluding overtime pay and bonuses.

**"James Douglas is a great representative of Home Depot and respected member of the Inglewood community"**

15.    During his near twenty-year tenure at Home Depot, Plaintiff earned countless awards and recognitions from a number of people—including Home Depot's officers and managers, co-workers, customers, and even the City of Inglewood—for his excellent job performance, dedication, and contributions to the stores and their surrounding community.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

16.     The President of Home Depot, Joe McFarland, personally wrote to Plaintiff and lauded him for his amazing role as the store's Ambassador from March 2010 to 2016:

"You represented the company with enthusiasm and showcased exceptional customer service throughout the event…This is a reflection of your customer service strengths which you proudly made known this week…Thank you for representing the Division, your region and most importantly your store."

17.     The Mayor of Inglewood, James T. Butts, Jr., gave Plaintiff the highest recommendation:

"I write concerning my experience with James Douglas…whom I met at Home Depot. James was heavily involved in various functions conducted by the City of Inglewood.  He participated in our annual Turkey Give-Away to needy families which was hosted by the City of Inglewood, Snoop Dogg, the Rams and Home Depot.  He has participated in our annual Christmas Tree Lighting ceremony held at the Forum.  James also ensures that Home Depot has a booth at our annual Earth Day event held on the plaza of City Hall…

James Douglas is a great representative of Home Depot and a respected member of the Inglewood community.  I recommend him highly."

18.     The President of Chandler Partners, Corey Leff—a major real estate development and construction company and a valuable Home Depot client—fully credited Plaintiff for his company doing business with Home Depot:

"…Our company ended up doing business with the West Inglewood HD [Home Depot], purchasing over $750,000 in major appliances and other merchandise.  This action was largely based on James Douglas' customer service skills, price negotiating and his due diligence in problem solving and seeing the project completed…

James Douglas…was very instrumental in Chandler Pratt Development doing business with the West Inglewood Home Depot Store."

19.     Plaintiff was also literally the face of Home Depot seen by millions.  Plaintiff was selected to appear in a television commercial ad for Home Depot that ran for weeks.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

**"You're an overpaid, overstated, and overrated Mayate:" Plaintiff's manager, Joseph**

**Anaya, maintains a hostile work environment against Plaintiff based on his race**

20.     In 2014 Home Depot hires Joseph Anaya as the Inglewood West store's Assistant Store Manager.

21.     Anaya is a 35-year old Hispanic male.

22.     In 2016 Anaya officially becomes Plaintiff's direct supervisor, and Anaya unlawfully harasses Plaintiff based on his age and race almost on a daily basis.

23.     Mr. Anaya would openly refer to Plaintiff as "pandejo"—a derogatory term in Spanish for "dumbass" or "dumb donkey."  Worse Mr. Anaya would call Plaintiff "mayate" in front of customers and other employees.  "Mayate" is the Spanish equivalent to "nigger."

24.     Mr. Anaya's racist behavior encouraged other employees to act in the same unlawful way.  For example, "Yanira"—a Department Supervisor—would refer to Plaintiff as "pandejo" and "mayate" or "nigger."

25.     In June 2016 a customer, Pennie Cunningham, overheard Yanira's racist taunts.  Ms. Cunningham found Yanria's behavior so offensive and troubling that she called to complain to Home Depot Corporate office.  However Home Depot and Mr. Anaya did nothing.

26.     Another example: Joel Rodriguez, a Department Supervisor, left the following offensive note on Plaintiff's work desk:

"I'M SO FA KING WEE TA ED! James Douglas please read outloud"

Mr. Rodriguez felt safe to pass around a written note in Mr. Anaya's store calling Plaintiff "fucking retarded."

27.     Again Plaintiff showed Mr. Anaya the offensive note and complained.  And again, Mr. Anaya did nothing.

**"Old dog, move faster!"  Mr. Anaya maintains a hostile work**

**environment against Plaintiff based on his age**

28.     Rather Mr. Anaya constantly referred to Plaintiff's age and seniority with such comments as, "You're over rated, over stated and over paid;" and, "You make over $20 an hour...you make more than I do; you're overpaid."

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

Exhibit A, Page 7

29.     Plaintiff was humiliated every time Mr. Anaya uttered his ageist remarks.

30.     Mr. Anaya also encouraged other assistant mangers to harass Plaintiff because of his age. For example, in or about March 2016, Home Depot appointed Joshua Pollard as a Specialty Assistant Store Manager. Mr. Pollard is in his mid-20s and had supervisory authority over Plaintiff.

31.     Mr. Pollard would lead Plaintiff on a wild-goose chase of tasks by assigning Plaintiff other employees' purchase orders and demanding that Plaintiff locate merchandise that did not exist. And when Plaintiff struggled with the unrealistic tasks, Mr. Pollard would openly say, "Old dog, move faster! I would have had that finished!"

32.     Mr. Pollard would make other ageist comments like, "you're too old," and "you're too slow!"

33.     Mr. Pollard also unnecessarily micromanaged Plaintiff. Mr. Pollard, at times, would harass Plaintiff by asking him—every other hour—"How many measures and sales have you gotten today!?!"

34.     Mr. Pollard would criticize Plaintiff for maintaining a dirty desk; all the while Mr. Pollard's own desk was filthy and littered with trash, drinks, chips, and personal items.

35     Mr. Pollard would monitor every minute of Plaintiff's whereabouts. Whenever Plaintiff returned from his breaks, Mr. Pollard would demand, "Where you been, old dog?"

**"It's on you:" Plaintiff formally complains to Store Manager,**
**and Home Depot unlawfully retaliates against Plaintiff**

36.     In or about August 2016 Plaintiff met with the Store Manager, Fabiola Garcia, and Mr. Anaya about the unrelenting hostile working environment harassment. Ms. Garcia incredulously blamed Plaintiff for the race and age discrimination, and told Plaintiff that, "it's on you to get along with our Associates."

37.     After the meeting Mr. Anaya took Plaintiff aside and threatened him: "Don't ever call corporate office regarding the store issues. If you got a problem, come to me."

38.     Then Mr. Anaya and Home Depot took the following adverse employment actions against Plaintiff in retaliation for his complaints:

Exhibit A, Page 8

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

a.      Mr. Anaya peppered Plaintiff with vague performance write-ups, and nebulous accusations, such as failing to "full his job responsibilities and duties," and "falling below the standards expected."

b.      Mr. Anaya gave away Plaintiff's bigger sales to other employees and refused to credit Plaintiff with the sales.  When Plaintiff challenged Mr. Anaya about his actions, Mr. Anaya would disingenuously tell Plaintiff that he "had nothing to do with the sale," or that he "abandoned it."

i.      To rub salt in the wounds, Mr. Anaya gave away Plaintiff's hard earned sales to Mr. Rodriguez—the Department Supervisor who called Plaintiff "fucking retarded"—and who Plaintiff complained to Mr. Anaya about.

c.      Although Plaintiff did the work of an "Inside Sales Specialist Pro" on a daily basis, Mr. Anaya refused to officially promote him to the position and its attendant higher pay—a difference of $17,000 a year.

d.      Mr. Anaya scheduled Plaintiff to work during his vacation.  Plaintiff always scheduled his annual two-week vacation during the final two weeks of the year months ahead of time.  And Home Depot never had any issues with Plaintiff's predictable vacation time.  Then, in late 2016, Mr. Anaya abruptly interrupted Plaintiff's vacation by scheduling him to work the final week of the year.

i.      Plaintiff had to cut his vacation and family visits short and fly back from Ohio to work.  When Plaintiff complained to Mr. Anaya about it, Mr. Anaya—who is the Assistant Store Manager and in charge of scheduling—disingenuously told Plaintiff, "there's nothing I could do about it."

**Home Depot retaliates against Plaintiff for exercising his CFRA Rights**

39.     Plaintiff's mother-in-law suffers from dementia and requires around the clock care.  Rather than hire caregivers, Plaintiff, his wife and her siblings decided to care for their mother themselves.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

40.     Plaintiff requested Home Depot for a schedule change—from his 9 am to 5 pm to a 5 am to 2 pm or 6 am to 3 pm. The new schedule would enable Plaintiff to care for his mother in the early evenings.

41.     Although a position was not readily available at his store, one opened up in the nearby Inglewood East store in late summer 2016. Plaintiff put in for the transfer under CFRA and fully expected to be approved.

42.     Then Mr. Anaya gave Plaintiff a vague performance write-up with nebulous accusations, stopping the transfer in its tracks. Home Depot's company policy prohibits the transfer of an employee from one store to another when the employee is under a performance write-up. And Mr. Anaya, as the Assistant Store Manager of the Inglewood West store, was very aware of the company policy.

43.     Mr. Anaya purposefully stopped the transfer with a bogus write-up in retaliation for Plaintiff's complaints about age and race discrimination. In doing so, Mr. Anaya and Home Depot violated both FEHA and CFRA.

**After nearly twenty years of stellar performance, Home Depot terminates Plaintiff because of his age, race and in retaliation for his exercising his CFRA rights**

44.     On or about December 22, 2016 Plaintiff formally applies for CFRA leave to care for his mother. After his transfer was denied in bad faith, Plaintiff did not have any other choice but to take an unpaid leave.

45.     Immediately after, and on January 6, 2017, Home Depot terminated Plaintiff. Home Depot terminated Plaintiff because of his age, race and in retaliation for his exercising his CFRA rights.

46.     At the termination meeting, Mr. Anaya sarcastically gave Plaintiff a 16 year anniversary badge, and nefariously told Plaintiff, "You almost made it."

47.     Home Depot failed to give Plaintiff his final paycheck at the time of his termination.

48.     Home Depot replaced Plaintiff with Jaime Hernandez. Mr. Hernandez is a Hispanic male in his early-30s.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

49.     Plaintiff has exhausted his administrative remedies pursuant to Govt. Code §§ 12960 and 12965(b) by timely filing an administrative complaint with the Department of Fair Employment & Housing and receiving a Right to Sue letter within one year of filing of lawsuit.

### FIRST CAUSE OF ACTION

### Age Discrimination

### (Plaintiff against all Defendants)

50.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

51.     At all times herein mentioned, California Government Code §§ 12940 et seq. was in full force and effect and were binding on Home Depot as Home Depot regularly employed five (5) or more persons.  Plaintiff was at all times material hereto an employee covered by California Government Code § 12940(a) prohibiting discrimination in employment on the basis of age.  Home Depot was and is at all times material hereto an employer within the meaning of California Government Code § 12926(d), and as such was barred from discriminating in employment decisions on the basis of age as set forth in California Government Code § 12940.

52.     On January 6, 2017, after nearly 20 years of service, Defendants terminated Plaintiff.  Plaintiff was performing his job well at the time of his termination.  As detailed above, Defendants discriminated against Plaintiff because of his age.

53.     At the time of Plaintiff's termination Plaintiff was over the age of 40 and is a member of a protected class.  Plaintiff is informed and believes that Defendants replaced him with a younger employee with equal or inferior qualifications despite Plaintiff's exemplary performance.

54.     Although Plaintiff was well qualified for his position based on his near 20 years of experience with Defendants and should have been retained, Defendants terminated Plaintiff because of his age.

55.     As a proximate result of Defendants' discriminatory acts, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or

2  any other provision of law providing for prejudgment interest.

3     56.    As a proximate result of Defendants' discriminatory acts, Plaintiff has suffered

4  and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

5  well as the manifestation of physical symptoms.  Plaintiff is informed and believes and

6  thereupon alleges that he will continue to experience said physical and emotional suffering for a

7  period in the future, all in an amount subject to proof at the time of trial.

8     57.    As a proximate result of Defendants' discriminatory acts, Plaintiff has been

9  forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

10 continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

11 recover attorneys' fees and costs under California Government Code § 12965(b).

12    58.    Defendants' outrageous conduct was fraudulent, malicious, oppressive, and done

13 in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendants to

14 Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

15 to engage in the wrongful conduct alleged above.  Plaintiff should therefore be awarded

16 exemplary and punitive damages against each Defendant in the amount to be established that is

17 appropriate to punish each Defendant and deter others from such conduct.

18                    **SECOND CAUSE OF ACTION**

19                         **Race Discrimination**

20                   **(Plaintiff against all Defendants)**

21    59.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

22    60.    Plaintiff was an employee, protected by Govt. Code §§ 12940(a), which prohibits

23 discrimination in employment on the basis of race.

24    61.    Defendants were "employers" within the meaning of Govt. Code § 12926, and as

25 such, were prohibited from discriminating in regard to terms, conditions, or privileges of

26 employment, including terminations on the basis of race.

27    62.    Plaintiff was subjected to disparate treatment and disparate impact by Defendants

28 because of his race, as discussed above, in violation of Govt. Code § 12940(a).

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

63.    Despite Defendants' actual and/or constructive knowledge of the above mentioned harassment and discrimination, and with the knowledge of its supervisors and agents, they failed to take immediate and appropriate corrective action to stop the discrimination.

64.    Under Govt. Code § 12940(a), Defendants, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights, "because of the race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person," to:

(a)    "… [R]efuse to hire or employ the person or to refuse to select the person for a training program leading to employment;" or

(b)    "… [B]ar or to discharge the person from employment or from a training program leading to employment, or

(c)    "… [D]iscriminate against the person in compensation or in terms, conditions, or privileges of employment."

65.    Under Govt. Code § 12940(k), Defendants, and each of them, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights "for an employer… to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

66.    Defendants, with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law, violated the Fair Employment and Housing Act ("FEHA") by discriminating against Plaintiff as set forth throughout this Complaint.

67.    As a result of Defendants' malicious, oppressive, fraudulent, and despicable violations of FEHA as set forth herein, Plaintiff has suffered and continues to suffer general and special damages, and the need for punitive damages.

68.    Pursuant to Govt. Code § 12965(b) and Cal. Civ. P. § 1021.5, Plaintiff is entitled to the costs of hiring an attorney to pursue recovery for Defendants' multiple violations of law as set forth in this complaint and for the litigation costs attendant in prosecuting this lawsuit.

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

69. The wrongful conduct of Defendants described above was intended by Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff, subjecting him to cruel and unjust hardship, and was an intentional misrepresentation and concealment of material facts known to Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make an example of Defendants to prevent such conduct by others.

## THIRD CAUSE OF ACTION

### Failure to Prevent Discrimination

### Violation of Gov. Code § 12940(k)

### (Plaintiff against all Defendants)

70. Plaintiff incorporates all paragraphs above as though fully set forth herein.

71. Plaintiff was subjected to discrimination and retaliation as set forth above based on his age and race.

72. Defendants were aware of Home Depot employees' actions in discriminating against Plaintiff based on his age and race. Despite being aware of the discrimination, Defendants failed to conduct an adequate investigation in regards to said discrimination and retaliation, or to take any action whatsoever to eliminate and/or remedy that discrimination.

73. Therefore Defendants failed to take reasonable steps to prevent Plaintiff from being unlawfully discriminated against.

74. Under Govt. Code § 12940(k), Defendants, at the time of the wrongful conduct against Plaintiff described herein, knew that it was an "unlawful employment practice," against the law and a disregard for Plaintiff's rights "for an employer… to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

75. As a result of Defendants' malicious, oppressive, fraudulent, and despicable violations of FEHA as set forth herein, Plaintiff has suffered and continues to suffer general and

special damages, and the need for punitive damages.

76.    Pursuant to Govt. Code § 12965(b) and Cal. Civ. P. § 1021.5, Plaintiff is entitled to the costs of hiring an attorney to pursue recovery for Defendants' multiple violations of law as set forth in this complaint and for the litigation costs attendant in prosecuting this lawsuit.

77.    The wrongful conduct of Defendants described above was intended by Defendants, and each of them, to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff, subjecting him to cruel and unjust hardship, and was an intentional misrepresentation and concealment of material facts known to Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make an example of Defendants to prevent such conduct by others.

## FOURTH CAUSE OF ACTION

### Hostile Work Environment Harassment

### (Plaintiff against all Defendants)

78.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

79.    As detailed above, Home Depot's conduct created a hostile work environment for Plaintiff, making the conditions of his employment intolerable in direct contravention of various statutes and state law decisions, including but not limited to Govt. Code § 12940.  Home Depot subjected Plaintiff to a hostile work environment harassment based on age and race.

80.    Such harassment was so severe and pervasive that it altered the conditions of Plaintiff's employment, creating a hostile abusive work environment and thereby endangering Plaintiff's physical health and making his working conditions intolerable.  Said harassment was sufficiently extreme to amount to a change in the terms and conditions of Plaintiff's employment.

81.    As a direct and legal result of Defendants' conduct, and each of them, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1  not limited to substantial losses in earnings, other employment benefits, physical injuries,

2  physical sickness, as well as emotional distress, plus medical expenses, future medical expenses,

3  and attorneys' fees, all to his damage in the amount according to proof.

4      82.    Defendants' actions justify the imposition of punitive damages in that the actions

5  were against public policy. Defendants committed the acts alleged herein maliciously,

6  fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an

7  improper and evil motives amounting to malice in conscious disregard of Plaintiff's rights.

8  **FIFTH CAUSE OF ACTION**

9  **Wrongful Termination in Violation of Public Policy**

10  **(Plaintiff against all Defendants)**

11      83.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

12      84.    At all times mentioned herein, the public policy of the State of California, as

13  codified, expressed and mandated in Govt. Code §§ 12940 et seq., is to prohibit employers from

14  discriminating, harassing and retaliating against any individual on the basis of race. This public

15  policy of the State of California is designed to protect all employees and to promote the welfare

16  and well-being of the community at large. Accordingly Defendants' actions in terminating

17  Plaintiff based on his age and race was wrongful and in contravention of the express public

18  policy of the State of California, namely the policy set forth in Govt. Code §§ 12940 et seq. and

19  the laws and regulations promulgated thereunder.

20      85.    The conduct, statements and acts described herein were an ongoing part of a

21  continuing scheme and course of conduct. Defendants knew the substance of the above-

22  described facts and circumstances and ratified the wrongs and injuries mentioned herein when it

23  was in their ability to prevent, remedy and/or correct these wrongs. Defendants continued to

24  ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact

25  that its officials, supervisors and/or managing agents knew or reasonably should have known,

26  and know or reasonably should know, of the conduct and its unlawful motivations.

27      86.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual,

28  consequential and incidental financial losses, including without limitation, loss of salary and

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1  benefits, and the intangible loss of employment related opportunities in his field and damage to

2  his professional reputation, all in an amount subject to proof at the time of trial.

3          87.    Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or §

4  3288 and/or any other provision of law providing for prejudgment interest.

5          88.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and

6  continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

7  as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon

8  alleges that he will continue to experience said physical and emotional suffering for a period in

9  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

10        89.    The acts taken toward Plaintiff were carried out by Defendants' officers,

11  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

12  deliberate, egregious and inexcusable manner and in conscious disregard for the rights of

13  Plaintiff. Plaintiff's termination was wrongful and justifies the imposition of punitive damages

14  because the termination was against public policy. In terminating Plaintiff because of his age

15  and race, Defendants acted maliciously, fraudulently and oppressively with the wrongful

16  intention of injuring Plaintiff. Based upon the foregoing, Plaintiff is entitled to recover punitive

17  damages from Defendants in an amount according to proof.

18                    **SIXTH CAUSE OF ACTION**

19             **Wrongful Termination in Violation of FEHA**

20              **(Plaintiff against all Defendants)**

21        90.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

22        91.    At all times mentioned herein, Govt. Code §§ 12940 et seq. were in full force and

23  effect and were binding on Defendants, as Defendants regularly employed five (5) or more

24  persons. Govt. Code §§ 12940 et seq. provides that it is unlawful for an employer to discharge a

25  person from employment or discriminate against them in compensation or as to the terms,

26  conditions or privileges of employment based on a prohibited employment practice as stated in

27  Govt. Code §§ 12940 (a)-(o).

28        92.    Defendants terminated Plaintiff because of his age and race, and in doing so,

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1   violated Govt. Code §§ 12940 et seq. (FEHA).

2       93.    The conduct described herein was an ongoing part of a continuing scheme and

3   course of conduct. Defendants knew the substance of the above-described facts and

4   circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability

5   to prevent, remedy and/or correct these wrongs. Defendants continued to ratify and refused to

6   remedy or correct the aforementioned conduct, notwithstanding the fact that its officials,

7   supervisors and/or managing agents knew or reasonably should have known, and know or

8   reasonably should know, of the conduct and its unlawful motivations.

9       94.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered actual,

10  consequential and incidental financial losses, including without limitation, loss of salary and

11  benefits, and the intangible loss of employment related opportunities in his field and damage to

12  his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

13  such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other

14  provision of law providing for prejudgment interest.

15      95.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered and

16  continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

17  as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon

18  alleges that he will continue to experience said physical and emotional suffering for a period in

19  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

20      96.    As a proximate result of Defendants' wrongful acts, Plaintiff has been forced to

21  hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to

22  incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

23  fees and costs under Govt. Code § 12965(b).

24      97.    The acts taken toward Plaintiff were carried out by Defendants' officers,

25  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

26  deliberate, egregious and inexcusable manner and in conscious disregard for the rights of

27  Plaintiff. Plaintiff's termination was wrongful and justifies the imposition of punitive damages

28  because the termination was against public policy. In terminating Plaintiff because of his age

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

and race, Defendants acted maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiff. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

**SEVENTH CAUSE OF ACTION**

**Violation of the California Family Rights Act—Retaliation**

**(Plaintiff against all Defendants)**

98.   Plaintiff incorporates all paragraphs above as though fully set forth herein.

99.   The California Family Rights Act ("CFRA") provides that an employer must provide an eligible employee with up to a total of 12 workweeks in any 12-month period for family care and medical leave. Under 2 Cal. Code Regs. § 7297.3(e), leave may be taken intermittently or on a reduced work schedule when medically necessary, as determined by the health care provider of the person with the serious health condition.

100.   CFRA also makes it unlawful for an employer to discriminate or retaliate against an employee who exercises his right to medical leave. California Gov't Code § 12945.2(1) ("It shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of... [a]n individual's exercise of the right to family care and medical leave"); see also 2 Cal. Code Regs. §7297.7 ("...it shall be an unlawful employment practice for any person to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual, except as otherwise permitted in this subchapter, because that individual has: (a) exercised his or her right to CFRA leave.")

101.   At all relevant times, Plaintiff had one or more serious health conditions as that term is defined under California Government Code § 12945.2(c)(8).

102.   At all relevant times, Plaintiff was an eligible employee under CFRA, and Defendants were covered employers under CFRA.

103.   Defendants retaliated against Plaintiff because he exercised his rights under the CFRA by, among other things, terminating Plaintiff's employment.

104.   The conduct, statements and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-

1  described facts and circumstances and ratified the wrongs and injuries mentioned herein when it

2  was in their ability to prevent, remedy and/or correct these wrongs.  Defendants have continued

3  to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact

4  that its officials and managing agents knew or reasonably should have known, and know or

5  reasonably should know, of the conduct and its unlawful motivations.

6      105.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

7  special damages in lost earnings, benefits and/or out-of-pocket expenses in an amount according

8  to proof at the time of trial.  As a further direct and proximate result of Defendants' conduct,

9  Plaintiff will suffer additional special damages in the form of lost future earnings, benefits

10 and/or other prospective damages in an amount according to proof at the time of trial.

11     106.    As a further direct and proximate result of Defendants' conduct, Plaintiff has

12 suffered loss of financial stability, peace of mind and future security, and has suffered

13 embarrassment, humiliation, mental and emotional pain, distress and discomfort, all to his

14 detriment and damage in amounts not fully ascertained but within the jurisdiction of this court

15 and subject to proof at the time of trial.

16     107.    Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California

17 Government Code § 12965(b).

## EIGHTH CAUSE OF ACTION

### Retaliation and Wrongful Termination in Violation of

### Labor Code § 1102.5 –Whistleblower Protection Act

### (Plaintiff against all Defendants)

22     108.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

23     109.    At all times set forth in this Complaint, Plaintiff was an employee of Defendants

24 and was protected by California Labor Code § 1102.5.

25     110.    At all times set forth in this Complaint, California Labor Code § 1102.5 was in

26 effect and provides, in part, that:

27     (a)     An employer may not make, adopt, or enforce any rule, regulation, or

28             policy preventing an employee from disclosing information to a government or

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

Exhibit A, Page 20

law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(b)   An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(c)   An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

(d)   An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment.

111.   As detailed above, Plaintiff reported age and race discrimination to Defendants.

112.   Plaintiff had reasonable cause to believe that the information disclosed was a violation of state and/or federal laws, rules, and/or regulations.

113.   Shortly after Plaintiff disclosed the unlawful activity, and as detailed above, Defendants maintained a hostile work environment harassment against Plaintiff, and terminated Plaintiff's employment.

114.   Plaintiff's reporting/disclosing of the unlawful activity was the cause of Defendants' maintaining a hostile work environment harassment against Plaintiff, and terminating Plaintiff's employment.

115.   By maintaining a hostile work environment harassment against Plaintiff, and terminating Plaintiff's employment, and as otherwise may be discovered, Defendants violated California Labor Code § 1102.5.

116.   Defendants acted with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law, by violating Labor Code § 1102.5, et seq. as is set forth throughout this Complaint.

117.   As a direct and proximate result of Defendants' malicious, oppressive,

Exhibit A, Page 21

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1   fraudulent, and despicable violations of Labor Code § 1102.5, et seq. as set forth herein,

2   Plaintiff has suffered and continues to suffer general and special damages, the need for punitive

3   damages, including, but not limited to the following:

4   (a)   Damages for severe, excruciating and traumatic emotional distress and

5   physical manifestations of the emotional distress and exacerbation of

6   those injuries and symptoms, ulcers, loss of identity, tightness in chest,

7   humiliation, crying daily, grief, nervousness, anger, shame, feeling

8   trapped, frustration, frightening questions that plague her mind, anxiety,

9   depression,  headaches, breathing problems, panic attacks, suffocation

10   feeling, dizziness, nausea, disorientation, trouble concentrating, sorrow,

11   worry, low self-esteem, hopelessness, bad dreams about Defendants,

12   insomnia, hair loss, the stigma about being terminated, loss of and

13   damage to close relationships, and related emotional and mental anguish

14   all in an amount to be determined by the jury at the trial of this matter;

15   (b)   Damages for past loss of earnings, bonuses and benefits, in spite of

16   continuing attempts at mitigating damages, with such damages increasing

17   each day, plus interest in an amount to be determined by the jury at the

18   trial of this matter;

19   (c)   Damages for future loss of earnings, bonuses and benefits, in spite of

20   continuing attempts at mitigating damages, in an amount to be determined

21   by the jury at the trial of this matter;

22   (d)   Damages for consequential financial losses and additional emotional

23   distress damages, increasing with each day, including, but not limited to,

24   the inability to timely pay bills resulting in fees and penalties for failure

25   to pay timely, loss of 401(K), financial penalties, personal loans,

26   harassing communications from bill collectors, and other consequential

27   losses all of which have put extreme pressure on his life, family, and

28   other treasured relationships, inflaming anxiety and arguments and

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

Page 19

COMPLAINT

Exhibit A, Page 22

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

1    causing further severe emotional distress in an amount to be determined

2    by the jury at the trial of this matter; and

3    (e)    The wrongful conduct of Defendants described above was intended by

4    Defendants, and each of them, to cause injury to Plaintiff and was

5    despicable, mean, and vile conduct carried on by Defendants with a

6    willful and conscious disregard of the rights of Plaintiff, subjecting him to

7    cruel and unjust hardship, and was an intentional misrepresentation and

8    concealment of material facts known to Defendants with the intent to

9    deprive Plaintiff of property, legal rights, or to otherwise cause injury,

10    such as to constitute malice, oppression, and/or fraud under Civil Code §

11    3294, thereby entitling Plaintiff to punitive damages in an amount

12    sufficient to punish the Defendants or to make an example of Defendants

13    to prevent such conduct by others.

14    <u>**NINTH CAUSE OF ACTION**</u>

15    **Violation of California Labor Code §§ 201 and 202—**

16    **Wages Not Timely Paid Upon Termination**

17    **(Plaintiff against all Defendants)**

18    118.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

19    119.    At all times herein set forth, California Labor Code §§ 201 and 202 provide that

20    if an employer discharges an employee, the wages earned and unpaid at the time of discharge

21    are due and payable immediately.

22    120.    Defendants willfully failed to pay Plaintiff his wages, earned and unpaid, at the

23    time of discharge.

24    121.    Defendants' failure to pay Plaintiff his wages earned and unpaid at the time of

25    discharge is in violation of California Labor Code §§ 201 and 202.

26    122.    California Labor Code § 203 provides that if an employer willfully fails to pay

27    wages owed, in accordance with sections 201 and 202, then the wages of the employee shall

28    continue as a penalty from the due date, and at the same rate until paid or until an action is

commenced; but the wages shall not continue for more than 30 days.

123.   Plaintiff is entitled to recover from Defendants his additionally accruing wages for each day he was not paid, at his regular hourly rate of pay, up to 30 days maximum pursuant to California Labor Code § 203.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1.   For actual damages, including loss of past and future earnings, in an amount according to proof at trial;

2.   For general and special damages, including but not limited to, pain and suffering, emotional distress, and loss of reputation in an amount according to proof at trial;

3.   For consequential and incidental damages and expenses in an amount according to proof at trial;

4.   For punitive damages in an amount according to proof at trial;

5.   For statutory wage penalties pursuant to California Labor Code § 203;

6.   For reasonable attorneys' fees according to proof at trial;

7.   For pre-judgment and post-judgment interest, all at the legal prevailing rate;

8.   For costs of suit; and

9.   For such other and further relief as the court may deem just, proper, and equitable.

Respectfully Submitted,

Dated: February 22, 2018        MATHEW & GEORGE

By:_____
    Sang J Park

Attorneys for Plaintiff

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a jury trial.

Respectfully Submitted,

Dated: February 22, 2018

MATHEW & GEORGE

By: _____

Sang J Park

Attorneys for Plaintiff

MATHEW & GEORGE
500 SOUTH GRAND AVENUE, SUITE 1490
LOS ANGELES, CALIFORNIA 90071